Case number 25-1917, Russ Gordon et al. v. City of Hamtramck MI et al., argument not to exceed 15 minutes per side. Mr. Susselman, you may proceed for the appellant. Thank you. Good morning, Your Honors. May it please the Court, Mark Susselman for the plaintiff's appellees, I wish to reserve two minutes for rebuttal. There are three principal issues involved in this appeal. One, did the list of flags which would be permitted to be displayed from the flagpoles owned by the City of Hamtramck after the passage of Resolution 2023-82 constitute government speech, thereby obviating the need for viewpoint neutrality? The appellants maintain that it did not. Two, was the list of categories of flags which would not be allowed to be displayed so vague as to invalidate the provision and thereby invalidate the resolution in its entirety? Appellants maintain that it was. Three, did the trial court improperly rule that it was precluded from evaluating the motives of the City Council members in approving the resolution with respect to whether the vote in favor of the resolution was motivated by an intent to endorse religious views which oppose homosexuality? And if so, whether the evidence indicates that this was, in fact, the principal motive in favor of the resolution banning the pride flag? Appellants maintain that it was improper and that the evidence indicates that this was the principal motive. Before I address these issues, I wish to address head-on the appellant's claim that the appellant's appeal is defective because they failed to order transcripts of the two oral arguments which were conducted in the trial court on the two motions for summary judgment. Contrary to the appellant's attorney's claims, that neither of the oral arguments, which none of the appellant's attorneys representing them in this appeal attended, whereas I attended both hearings, were any factual or evidentiary issues addressed by the court. Could there be on summary judgment? I mean, the 10B issue seems beside the point. It's summary judgment. You view the facts in the light most favorable to the plaintiff. Can the district court make factual findings at an oral argument on summary judgment? No. And any facts that Judge Lawson deemed to be significant were included in his opinion. We didn't dispute those facts. We didn't need the transcripts. So that's why they weren't ordered. The only thing we disputed were his legal conclusions from the undisputed facts that were included in his decisions. Turning to the issues which I've enumerated regarding the government speech question, it is important to keep in mind that prior to passage of the resolution in 2023, the pride flag can be displayed from one of the flag posts for the entire year of 2022. Under the terms of the resolution, all the same flags which have been displayed prior to passage of the resolution were permitted to continue to be displayed. But couldn't the government, the city, decide that starting in 2023, they're going to make the flags on the flagpoles government speech? And only government speech? That in the past, they'd allowed private speech, but now they're going to have it just be government speech? Yeah, but they didn't state that in the resolution, which is what distinguishes it from the San Jose policy, which Judge Lawson pointed out, and which is in Shurtleff. What do you mean? They don't have to say this is government speech. I mean, the Supreme Court didn't say that in Shurtleff. They just said they could change their policy such that going forward, it is government. Going forward. No magic words requirement. Yeah, this is what I think is significant in Shurtleff in this case. In Shurtleff, the city of Boston had never displayed the Christian flag prior to it being raised as an issue. When the Supreme Court decided Shurtleff, the Christian flag had... Why does that matter for the policy? It indicates what did the court mean by going forward? It meant having never displayed the Christian flag before, going forward, you can issue a resolution or a statute or an ordinance that says... Wait a minute. But that can't be right, right? Because think of it this way. You can't have that the government, if they've raised it once, can't in the future say we're no longer raising it. I submit that in this case, having already displayed the pride flag, to not issue a... They could have issued a resolution that says no private speech whatsoever is permitted on the flagpoles, period. They didn't do that. They set forth certain categories which were prohibited. But that's the same way San Jose did. It's the same way that... No, I disagree. It's not what they did in San Jose. Let me ask you this. Your argument, the logic of your argument is in South Carolina, they can't ban the Confederate flag, raising it on government buildings because it was once raised. That's the logic of your argument. Well, in the South Carolina case, they actually eliminated the site as a public forum altogether. That's not what happened here. Hamtramck didn't eliminate the site as a public forum or a limited public forum. It stated there are certain categories which we will not allow, using vague terms that were not defined. Then they listed flags that had already been displayed and claiming that all those constituted government speech, including flags that represented theocracies and dictatorships. They had three flags that were clear, right? They had the United States, the city, and the POW.  Okay, you're not. The issue you're taking is the one that represents the country of origin of the residents. Correct, which included Pakistan, Lebanon, Egypt, and Russia, juxtaposed with the U.S. flag, which cases indicate the U.S. flag represents our democracy. Those flags didn't represent democracies, and therefore it makes no sense to say the constituted government speech juxtaposed with the U.S. flag, as Justice Alito has indicated in both his dissents and concurrences, and in the Tom case. I agree this would be a different case in Justice Alito's world, but right now we operate right with the majority, not a concurrence. And under the majority, you look at the policy, and the government can fly anything it wants, can't it? No, it can't. No, I'm sorry, it can't. It can't if it's motivated by religious views. It can't, according to Judge White, if it violates the establishment clause. Wait, let's just talk about free speech for a second, and then you can talk about establishment. But on free speech, the government's speech, they can do whatever they want. You agree? If the government is speaking, it can speak however it wants. If it's speaking and it's consistent, I'm submitting that saying that displaying the U.S. flag with flags of theocracies and authoritarian regimes is not consistent. They can't both be government speech. Well, they can if the reason they're flying these other flags is that people from these countries came to our town because of our American values. Well, yeah, except the evidence indicates that wasn't the motive of the city council members in approving it. Apart from motive of these particular city council members, could not a government decide, we're going to allow the U.S. flag, the state flag, the city flag, and flags from the countries that the people in our city have come from? Yes, they could say that, but I assume that's not what the resolution says. And looking at the facts, it wasn't what motivated them. So this resolution does say the flags that represent the international character of the city of Hamtramck, but also prohibits certain kinds of flags. Correct. So is your problem with the prohibition of certain kinds of flags? As well. That prohibition is vague. And no definitions of any of those terms, Your Honor, and Judge Moore, in fact, in- Can I ask you, when the White House flies flags of foreign dignitaries that visit, is it not government speech? Yes, it is. So why can't they do it of their residents? What if the White House flew every day the American flag and at a lower pole flew a flag of a resident of the United States? If it was to honor a visiting dignitary- No, now I'm changing the facts, right? It's to honor the citizens of the United States. So anyone that's been naturalized, I'm making this up, the White House is going to fly the flag of the countries from which people have been naturalized United States citizens. Can they do that, or is it no longer government speech? Yes, if that's the reason, yes, they can. So you're saying the motive, we have to look behind the reason- Yes, I believe you do. And there's a case that says that, which was not addressed. So in the Accolade case, where the Supreme Court held that a statute which prohibits teaching creationism in a court, they said, we have to look behind the motive of that. And they ruled that was unconstitutional, that it was based on religion. Okay, you want to switch to the Establishment Clause, how do you deal with Kennedy, which got rid of Lemon? Excuse me? Those are all Lemon arguments, which Kennedy overruled, abandoned, whoever you want to. So now you have to look at history and tradition to determine if it violates the Establishment Clause, not the motives of the legislators, right? That's what the Supreme Court said. How do you deal with that? What history and tradition shows? Well, even in, I want to clarify, in the Lucmi case, which Judge Lawson cited in his opinion, denying our motion of sovereign judgment- Lucmi? Yes. Yes, the court said clearly, we have an obligation to see if the explanation that's been given is a mask for, in that case, religious freedom violation. And we have to look at the consequences. That was free exercise. You're bringing us- It was free exercise. But they did say, no, this is true of Establishment Clause cases as well. They didn't distinguish. They held this is our obligation, essentially, in both- I'm saying it's exclusively a free exercise clause. It was, but they gave a broad standard saying it applies to both Establishment, I believe they said this, Establishment Clause and free exercise. And even the McCreary case, which Judge Lawson relied on, didn't restrict itself to a facial review of the statute itself. It looked at the history, the chronology of the passage. And I submit, based on that, in this case, the motive was religion. And we had an expert. There's no question that Professor Flores would pass review as an expert. And he gave a very thorough affidavit and a very thorough expert opinion based on his research that associated opposition to homosexuality and opposition to the pride flag on religious views. And he examined all the depositions, all the interrogatory answers, and concluded that five of the six city council members were motivated by their religious views. And the city never even deposed Professor Flores, nor did they retain their own expert to contradict him. So that affidavit is unrebutted. I see that my time is out. Thank you. We'll give you your time on rebuttal. Thank you. Good morning. May it please the Court, Lindsay Johnson for the City of Hamtramck. This case is about a single doctrinal line, the line between government regulation of private speech and government selection of its own speech. The United States Supreme Court drew that line in Shurtleff, and it told municipalities exactly how to stay on the government speech side of things. Resolution 2023-82 does precisely what Shurtleff described. The district court quickly held that the flagpoles are a vehicle for government speech, that even under forum analysis, the resolution is content and viewpoint neutral, and the Establishment Clause claim fails as a matter of law. I'd like to begin with Shurtleff's control, and it's dispositive in favor of the city. Can I ask you, where were the flags displayed? I'm just not clear. So there's flags out in front of the City Hall, and also in the Historic District, which is on Joseph Campo Road. To be clear, Hamtramck is a full two square miles. That's how big it is. It's a very, very small town. Were the flags in the Historic District, or were they in front of City Hall? There are some in front of City Hall, but Joseph Campo is a little bit further down, so it's in the Historical District, so it's separate. But the Historical District is private, right? It just happens to be a historical district? No, that's city property. So all the flagpoles are on city property? Yes, these are city flagpoles, these are city property. Which is, again, these are not flagpoles in front of somebody's home. We're talking about this is clearly city property. Why would everyone know? I get why people would know City Hall is city property. Why would they know the Historic District is city property? You can view it as such. It's definitely an area that's considered a part of the city. It's municipal looking, I guess, is the best way to put it. Why would you say it's city property? Because it's in the right-of-way? It's right along the sidewalks, and they have this area. Yes, from my understanding, it's city property and city-owned. Is there a fact question on this? Because this is summary judgment, and is it important in any event? No. At the end of the day, the resolution is very clear. It's the city's flagpoles, and they have a preamble that states that they want to have specific, delineated flags on the flagpole, period. The government speaks, and it's very clear that it's the government speaking. In the Shurtleff case, you have the Boston flag. I think there was numerous, they said about 20 different groups going in, and they're raising a flag. That would lead an objective observer to review that and think, okay, maybe this isn't necessarily government speaking, but a different group speaking. That's not the case here. In the past, the pride flag was exhibited. Were other flags, does the record show, because it's summary judgment, does the record show that other flags were exhibited? Just the international flags, just the sovereign symbols, essentially. That's it. The pride flag was the only private flag that has ever been flown. Your basic contention is this is government speech. The government of Hamtramck has decided that the flags of the U.S., the state of Michigan, the Hamtramck flag, the prisoner of war flag, and then these nations flags are the ones that, going forward from 23, are the ones that are going to be allowed. Correct. Your opponent has had a variety of challenges, both in the brief and in oral argument. What about the statement of purpose, that the city does not allow any religious, ethnic, racial, political, or sexual orientation group flags to be flown? How does that impact this? It doesn't. This is the city saying, we don't want any private speech. This is government speech. We don't want any other. They went by categorically. They said, we're done. We don't want anything else. And when you're thinking about the flagpoles, it's categorically historically known as a message from the government. And the city's business, like legitimate purpose, is to refrain from creating these flagpoles to be a staging ground for divisive private speech. They want it secular. They want it content neutral. And it's their right to do so. I understand that we might not always like the way that Supreme Court makes a decision, but Sherliff was on point. This is very simple. If municipalities want to have a public forum, they don't have a written policy. They don't put in the preamble what they're going to use or what flags they're going to allow. Hamtramck did everything right to create a government speech, and they still get sued. So one question that your opponent is raising is the motive. Should we, the courts, look at what the motive was for the individual members of city council to vote in favor of this particular provision? No, and here's why. Looking at a resolution, it doesn't specifically state, we're here to prevent the pride flag from flying. There's nothing in there that even creates an establishment clause. It's banned all religious flags. There's nothing that takes that motive to come in. It would be different if there was some kind of language in there that was putting a bright spot on it to say that it's specifically trying to prevent a certain individual from having a flag. Categorically, they're all banned. But you're saying then that in order to have an improper motive, it has to be in the document, the resolution itself, as opposed to the meeting. I'm now going to give a hypothetical. The meeting of the city council where every city council member says, I'm against gay rights because of my religion, and my religion is what's causing me to vote in favor of this resolution. I understand that. It doesn't go that deep because at the end of the day, if that was the case, every religious leader who happens to also be a legislator, all of their laws would be considered unconstitutional. You can have your feelings about it, but it's got to be based on looking at the actual language and how it is also operated. There's no discriminatory practice. It's not as if the pride flag is banned. What about the fact that your friend on the other side says, look, they're flying all these flags of theocracies that are anti-gay, and the only one they won't fly is the one that supports gay rights? I would disagree. I'd feel really bad for the UN, too. They'd be in quite a predicament because they fly all kinds of flags for their members, that I'm sure have different, you know. Wait. Why? The UN is responsible. Well, I mean, just think about all the flags that they're flying, and they might be different. They might have different, you know, public policies, and they might be, you know. It doesn't matter. The flags are – it was very clear in the preamble. They said the flags are just – they're just symbols of our residents, and we want to honor that. Hamtramck is extremely diverse. It is incredibly diverse. And they wanted to honor that, and that's what they said. That's what the symbols mean to the councilmen. Then the rainbow flag would be a symbol of some of the residents. But they're looking at – it's internationally, not just – it's not sexual orientation. It's specifically we're looking for – we're celebrating our immigrant past. That is – Hamtramck is founded on immigrants. Polish immigrants made that town, and it's evolved. And they have been ingrained in that. And that's what they're honoring. They're not honoring anything else. And all kinds of individuals make up a country. Gay people make up a country. Heterosexual people make up a country. It's all in there, and that's what they're saying. There's some discussion by my opposing council concerning whether or not it was a prior open forum and how – whether or not it can be considered closed now. Shurtleff allows for it. Perry allows for it. And it is a closed forum. The flags that have been chosen by the government are ones that they consider to be representative of their immigrant residents. The American flag, the Hamtramck flag, the State of Michigan flag, and also the Prison of War flag, which has been considered a federal symbol of remembrance. So the flags that are flying are not – they're not private speech. And also the Prison of War flag was not presented by a group. And then agreed upon to fly it. It was decided by the city councilmen. And that's the other thing. What's really important about this is that our – I'm sorry – our city councilmen are the ones who are responsible for monitoring it. They're the ones who make – who will decide if there's any changes. It's not as if there's any gatekeeping or any selective gatekeeping. There's no gatekeeping. This is what they've chosen. If there's anything else, there would have to be a different resolution. There would have to be, again, political conversation, discord, and there would be a decision based on that. But it would, again, have to be done through a city council resolution. Is there any problem with vagueness of the resolution? I think your opponent was urging that as a problem. There wasn't really any discussion, and I believe the district court considered that an abandoned argument. It's – a reasonable person would understand what a religious flag is. A reasonable person would understand what a flag denoting a sexual orientation is. This is all very reasonable. And I think it's very important to understand this is – categorically, they were doing everything they could to make it very clear, private speech not accepted, period. And that's what they tried to touch on literally every category to say, everything's banned, nothing's there, but what we have decided and delineated in this resolution. And, again, I would look to the historical significance of flagpoles, what they do, what they represent. Judge DeParle mentioned when something's raised in front of the White House, what that means, and people are not – the residents are not going to look at this flagpole and think this is Russ Gordon and Kathy Stackpole's flagpole. They're going to have an issue. If they're going to find any kind of divisiveness, they're going to sue the city. And practically speaking, municipalities can't handle that. That's why they're trying to limit certain things. And they have the right to do so. They have the right to limit their liability. It's hard to run a municipality. I understand that, especially with what little is out there. So, again, if there's any no further questions, I can end my oral argument now. Thank you. Thank you so much. First of all, the UN is not governed by our Constitution. It's not governed by the Bill of Rights. It's not governed by the Establishment Clause. Regarding looking behind the motives in Church of Leukemia, they stated at 340 of 268, we reject the contention advanced by the city that our inquiry must end with the text of the laws at issue. Facial neutrality is not determinative. The Free Exercise Clause, like the Establishment Clause, extends beyond facial discrimination. Regarding the claim that the resolution prohibits all private speech, that's not what it says. It selected certain categories. It didn't say, as the San Jose policy, as stated in Shirtlef, the San Jose policy said, flagpoles are not intended to serve as a forum for free expression by the public. Well, that's not what this resolution says. They prohibit certain categories of speech, racial, ethnic, religious, political, or sexual orientation. That's not the entire universe of flags. Then they go on to say, and that only the American flag, da-da-da-da, shall be allowed. Right, but the prohibition, there's no gatekeeping. There is gatekeeping on what's prohibited. It's the council that decides what flags they'll even consider. And the concern is that people will be reluctant to submit a proposal based on language they think is going to exclude the flag. But it doesn't exclude flags of the Association of Actuaries or the Association of the American Medical Association. Yes, but they can't come in in the part that says these are allowed, only the da, the American flag, da-da-da-da. So if the Council of Actuaries, whoever they are, came and said we want our flag, technically this resolution would prohibit the actuarial flag, correct? Yes. Because it says only the specified flags are allowed. Correct. Okay. I'm out of time. Thank you both. The case will be submitted.